## KIRBY v. McDONALD et al.

(Circuit Court of Appeals, Eighth Circuit. October 1, 1895.)

### No. 613.

PARTNERSHIP—FIRM DEBTS.

One G., upon forming a partnership with M., borrowed from K. the amount of his contribution to the firm capital, giving therefor his note, with his wife and a third party as sureties. After such note had been several times renewed in the same form, K. sued the firm for the amount due, and induced G. to give him a note of the firm for such amount, and to secure it by a chattel mortgage on the firm property. *Held*, that such acts of G. could not, without the consent of his partner, change his individual debt to K. into a firm debt, and that M. was entitled to have the mortgage set aside.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was a suit by D. McDonald against M. D. Good and Thomas Kirby for the dissolution of a partnership, and to secure the cancellation of a chattel mortgage. The circuit court rendered a decree for the complainant. Defendant Kirby appeals. Affirmed.

On the 1st day of June, 1892, M. D. Good and D. McDonald formed a copartnership to conduct a retail dry-goods business at Abilene, Kan., under the firm name of M. D. Good & Co. The original capital of the partnership was $4,000, of which each partner contributed one-half, which was invested in the purchase of a stock of goods. On December 31, 1892, $2,000 was added to the capital of the firm, of which each partner contributed $1,000. Each partner paid his share of the capital to the firm in cash. McDonald resided at St. Joseph, Mo., and Good at Abilene, Kan., but he was a commercial traveler, and much of the time away from home. The firm employed one C. G. Hawk to conduct the business. Good, without the knowledge of his partner, borrowed from the appellant, Thomas Kirby, the money to make up his share in the capital of the firm, giving his individual note therefor, signed by his wife, Annie Good, as surety, and indorsed by C. G. Hawk. This note was renewed three or four times. When the capital was increased to $6,000 Good borrowed from the appellant his share of the increase, namely, $1,000; and that sum was added to the $2,000 previously borrowed, and a note given for $3,000, signed as the first note and the several renewals thereof had been. On November 7, 1893, the appellant, Thomas Kirby, brought suit by attachment against M. D. Good, Annie Good, and C. G. Hawk on the last renewal of the $3,000 note. On the 8th of November, 1893, the appellant, Kirby, brought suit by attachment against D. McDonald, the appellee, to recover the $3,000 loaned to Good, alleging that the $3,000 was loaned to M. D. Good & Co., and was a debt of the partnership, and on the 9th of November, 1893, the appellant induced M. D. Good to give him a note for the $3,000 of borrowed money, signed in the firm name of M. D. Good & Co., and on the same day Good, without the knowledge or consent of his partner, executed, in the firm name, a chattel mortgage on the stock of goods belonging to the firm, to secure the note last above mentioned. As soon as the appellee heard of these transactions, he filed this bill, on the 13th of November, 1893, making M. D. Good and the appellant, Kirby, defendants, and praying for a dissolution of the partnership between himself and M. D. Good, and a winding up of the partnership affairs, and that the chattel mortgage executed by Good in the firm name on the partnership stock of goods to secure the note given by him to the appellant, Kirby, on the 9th of November, 1893, be declared void, and that the $3,000, borrowed by Good from the appellant, Kirby, be decreed to be the personal debt of Good, and not a liability of the firm of M. D. Good & Co. Good did not answer the bill. The appellant, Kirby, answered alleging the $3,000 was

loaned to Good for partnership purposes. The lower court rendered the decree substantially as prayed for in the bill, and the appellant, Kirby, brought the case here by appeal.

John H. Mahan filed brief for appellant.

Vinton Pike, Stambaugh & Hurd, and Joseph Morton filed brief for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The money was not borrowed by or for the firm or on its credit, and was not used to pay any debt or liability of the firm. It was borrowed by Good to make up his share of the capital in the firm, and was used for that purpose, and he got credit for it accordingly. The appellee had no knowledge that Good had borrowed the money to make up his share in the capital of the firm; and, as soon as the appellee learned that the appellant claimed that the firm was liable for the money so borrowed by Good, he disputed the claim. Good could not make the firm liable for money borrowed for his own use without the knowledge or consent of his copartner. The money borrowed to pay the amount Good was to contribute to the capital of the firm was borrowed for his own use, and was his individual transaction, as fully and completely as if he had borrowed it to pay an individual debt due to a third person. He had bound himself to contribute $3,000 capital to the partnership. If he could bind the partnership for the money borrowed for this purpose without the knowledge or consent of his copartner, then he in fact contributed nothing to the capital of the firm; for, when the borrowed money was repaid, his share of the capital would be exhausted.

A conclusive answer to the contention of the appellant is found in the fact that the money was not loaned on the credit of the firm. In his answer, the appellant says that, when the money was borrowed, Good said:

"He did not like to take the responsibility of signing said firm name; * * * that he would prefer to execute a note in his own name; and that his wife, Annie Good, and C. G. Hawk, the said manager, would also sign said note as sureties therefor."

The appellant agreed to this, and the note was made accordingly, and several times renewed. When the appellant became apprehensive that he would lose his debt, he induced Good to execute a note therefor in the partnership name, but this did not make it a partnership debt. The fact remained that the money had been borrowed by Good for his own use, and upon his own credit and that of his sureties. No arrangement or agreement between Good and the appellant could convert this into a partnership debt without the consent of the appellee. The conclusion reached on this point makes it unnecessary to consider any of the other questions raised in the case. The decree of the circuit court is affirmed.